UNITED STATES of America,
Plaintiff,

v.

NATIONAL BOARD OF FUR FARM OR-
GANIZATIONS, INC., et al.,
Defendants.

No. 74-Cr-211.

United States District Court,
E. D. Wisconsin.

May 27, 1975.

Richard Daerr, Robert Williams and Donald A. Kaplan, Attys., Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Roger L. McManus of Schoone, McManus & Hanson, Racine, Wis., for Fur Farm and EMBA.

Phillips, Richards & Mayew by David L. Phillips and Donald Mayew, Kenosha, Wis., for Great Lakes, Loffman and Stone.

Whyte & Hirschboeck by Robert V. Abendroth and Don S. Peterson, Milwaukee, Wis., for Vernon, Zimmerman, Gibson and Harman.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Each of the defendants has filed a motion to dismiss the indictment pursuant to Rule 12, Federal Rules of Criminal Procedure. I conclude that such motions should be denied.

Some of the defendants have suggested that I defer ruling on the motions to dismiss or that I allocate the burden of proof as to certain issues. I decline to entertain these suggestions and will limit this decision to the pending motions to dismiss.

The indictment charges the defendants with a violation of 15 U.S.C.A. § 1. It is alleged that the named defendants, together with certain unindicted co-conspirators, "have engaged in a combination and conspiracy in unreasonable restraint of . . . interstate and foreign commerce . . ." Indictment ¶ 9.

The defendants claim that the indictment is defective for failing to allege

facts which destroy their immunity from the antitrust laws as provided in § 6 of the Clayton Act, 15 U.S.C.A. § 17, and § 1 of the Capper-Volstead Act, 7 U.S.C. § 291. However, in McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922), the Supreme Court disposed of a similar argument, stating:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, . . . need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it."

Nevertheless, it is urged that the duty to negate the exemptions of the Clayton Act and the Capper-Volstead Act arises from the appearance on the face of the indictment of the fact that the defendants are agricultural organizations or members thereof within the meaning of those two acts. I do not agree with the defendants' premise that their exempt status is established on the face of the indictment.

The associations which are relieved of antitrust liability pursuant to 15 U.S.C. § 17 and 7 U.S.C. § 291 must be operated for the mutual benefit of its members. Moreover, if the association is other than nonstock, nonprofit, it must

"conform to one or both of the following requirements:

"First. That no member of the association is allowed more than one vote because of the amount of stock or membership capital he may own therein, or,

"Second. That the association does not pay dividends on stock or membership capital in excess of 8 per centum per annum.

"And in any case to the following:

"Third. That the association shall not deal in the products of nonmembers to an amount greater in value than such as are handled by it for members." 7 U.S.C. § 291

■ Whether the defendants fit these requirements does not appear in the indictment, but rather the defendants' conformity with the requisites of § 291 is stated in an affidavit accompanying their dismissal motion. I have not considered the facts set forth in that affidavit (or the one supplied by the government) for it would be inappropriate to do so in the context of a motion to dismiss the indictment. Local 36 of International Fishermen & Allied Workers of America v. United States, 177 F. 2d 320, 326 (9th Cir. 1949).

■ Even assuming that the defendants are indeed exempt organizations under the Capper-Volstead Act, the government has no duty to allege facts defeating the defendants' exempt status.

■ The government asserts that neither of the two named co-conspirators, the Scandinavian Fur Farm Organizations and the Canada Mink Breeders Association, is an exempt organization under 15 U.S.C. § 17 or 7 U.S.C. § 291, and there are no allegations in the indictment which establish the exempt status of these co-conspirators. The government and the defendants appear to agree that a Capper-Volstead organization is not exempt from antitrust liability if such organization conspires with "other persons." United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939). In this setting, the government is not obliged specifically to allege that the defendants have conspired with outsiders for the purpose of defeating the defendants' exempt status. Cf. Gulf Coast Shrimpers & Oystermans Association v. United States, 236 F.2d 658, 663 (5th Cir. 1956).

Therefore, it is ordered that the defendants' motions to dismiss the indictment be and hereby are denied.